17 Ill.2d 145 (1959)
160 N.E.2d 801
AL DOELLING et al., Appellants,
v.
BOARD OF EDUCATION OF COMMUNITY SCHOOL DISTRICT No. 88, WASHINGTON COUNTY, Appellee.
No. 35259.
Supreme Court of Illinois.
Opinion filed June 11, 1959.
Rehearing denied September 22, 1959.
F.E. MERRILLS, of Belleville, for appellants.
LINDAUER, LINDAUER, PESSIN & NIEMAN, of Belleville, for appellee.
Orders affirmed.
Mr. JUSTICE KLINGBIEL delivered the opinion of the court:
On November 6, 1958, certain residents of Community High School District No. 88, Washington County, filed a petition in the circuit court to contest an election at which the proposition was approved to build an addition on the high school and issue bonds in the amount of $300,000. The petition was not verified; and upon defendant's motion *146 the proceeding was dismissed for lack of jurisdiction on December 8, 1958. Plaintiffs thereafter, on December 26, 1958, sought leave to amend, accompanying their motion with a form of jurat to be made part of the petition. The motion was overruled, and plaintiffs appeal.
To reverse the order plaintiffs present, under the heading "Points and Authorities," a number of quotations. No argument is made, other than a general statement that defendant's contentions in the trial court do violence to the law. We think the circuit court was correct in overruling the motion to amend. An election contest is a statutory proceeding, and the procedure prescribed therefor must be strictly followed. (Girhard v. Yost, 344 Ill. 483.) It has been said that "the requirement that the person desiring to contest an election shall file a statement, verified by affidavit, is jurisdictional, and if the statement is not sworn to the court has no jurisdiction of the cause." Flake v. Pretzel, 381 Ill. 498, 501.
By the requirements of sections 23-20 and 23-24 of the Election Code (Ill. Rev. Stat. 1957, chap. 46, pars. 23-20 and 23-24,) the procedures of which are made applicable to school elections by section 5A-20 of the School Code (Ill. Rev. Stat. 1957, chap. 122, par. 5A-20,) the petition must be verified and it must be filed within 30 days after the result of the election has been determined. In the present case no verification appeared, the 30-day period had expired before motion to amend was made, and the order dismissing the petition had already been rendered.
In election contests there must be finality and to this end the legislature added the provision making the verification of the petition a jurisdictional requirement.
The orders of the circuit court dismissing the petition and denying leave to amend are affirmed.
Orders affirmed.