2023 IL App (3d) 220446

Opinion filed November 16, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| MIKE ONTIVEROZ, | ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, |
| Petitioner-Appellant, | ) ) | Du Page County, Illinois. |
| v. | ) ) | Appeal No. 3-22-0446 |
| | ) | Circuit No. 21-MR-548 |
| CHODRI M. A. KHOKHAR and JEAN KACZMAREK, in Her Official Capacity as Du Page County Clerk, | ) ) ) ) | Honorable Anne Therieau Hayes, |
| Respondents-Appellees. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justices Hettel and Albrecht concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner, Mike Ontiveroz, filed a two-count second amended verified petition to contest

the results of the April 2021 election for Glendale Heights village president. Respondent,

Du Page County Clerk Jean Kaczmarek (Clerk), the election authority responsible for

administering and overseeing the election, filed motions for judgment on the pleadings (735

ILCS 5/2-615(e) (West 2020)) on count I of the petition and for involuntary dismissal (*id*. § 2-

619(a)(1)) of count II of the petition.[1] Following full briefing and hearings on the matter, the trial court granted the Clerk's two motions. Petitioner appeals. We affirm the trial court's ruling on count I, reverse the trial court's ruling on count II, and remand the case to the circuit court of Du Page County for further proceedings on count II.

¶ 2                                              I. BACKGROUND

¶ 3        On April 6, 2021, an election was held in Glendale Heights, Du Page County, Illinois, for the position of Village President. Four people were listed on the ballot as candidates for that position: petitioner, Chodri M. A. Khokhar (the person who won the election), Linda Jackson (the long-time Village President), and Edward Pope. Prior to the election, however, Jackson and Pope were disqualified as candidates by a ruling of the Illinois Supreme Court. See *Corbin v. Schroeder*, 2021 IL 127052, ¶¶ 1-2, 48. Despite that ruling, Jackson's and Pope's names remained on the ballot because there was not sufficient time to remove the names, even though Jackson and Pope were no longer valid candidates. The election proceeded, and Khokhar was elected to the position, defeating petitioner by two votes. On April 27, 2021, the Clerk certified the election results: of the 2039 ballots cast, Khokhar received 475 votes and petitioner received 473 votes.

¶ 4        On May 27, 2021, the thirtieth day after the election results had been certified and the last day to file an election contest petition (see 10 ILCS 5/23-20 (West 2020)), petitioner filed his original petition in the instant case to contest the election results. The original petition was electronically filed at 11:53 p.m. Although the original petition was titled a verified petition, no verification affidavits were attached to the original petition. The original petition contained two

---

[1]The other respondent in this case, Chodri M. A. Khokhar (the person who won the election), was initially defaulted in the trial court for failing to appear. The default judgment, however, was later vacated and Khokhar was granted leave to adopt the pleadings and other filings of the Clerk relating to the Clerk's motion for judgment on the pleadings and another motion the Clerk had filed.

counts: count I for voter disenfranchisement and count II for deviations from the Election Code (*id.* § 1-1 *et seq.*). In general, as to both counts of the original petition, petitioner alleged that he was a registered voter in Glendale Heights and was a duly qualified candidate for the position of village president "voted upon at the April 6, 2021 consolidated election." More specifically, in count I, petitioner alleged that he and other voters were disenfranchised and deprived of their constitutional right to a fair election because disqualified candidate Jackson and her campaign supporters had misled voters to believe that only write-in votes for the position would be counted and that Jackson could still be elected to the position through write-in votes. Petitioner asked the trial court to order that a new election be conducted or that petitioner and Khokhar be awarded a certain percentage of the in-person votes that were apparently cast for the disqualified candidates. In count II, petitioner alleged that several of the ballots cast were invalid due to various deviations from the Election Code. Petitioner described those deviations in detail, listed the precincts where the deviations took place, and identified the number of ballots that were affected or the proportional reductions that would apply to the vote totals if the deviations were found to have occurred. In addition, as to many of the deviations, petitioner also alleged that when the invalid votes were eliminated or proportional reductions were taken, "the results of the election would be changed, such that [petitioner] would have received more votes and would have been proclaimed the winner and the elected Village President." Petitioner asked the trial court to order a recount of the election results in certain precincts with the alleged invalid votes eliminated or a proportional reduction taken in the number of votes each candidate received. Ultimately, petitioner sought under both counts to be declared the rightful winner of the election for Village President (either as the main remedy or as an alternative remedy).

3

¶ 5        On June 1, 2021, five days after the original petition had been filed but before respondents had been served or had filed appearances in the case, petitioner filed a motion to supplement the original petition and to add the missing verification pages. Petitioner's attorney stated in the motion and/or the accompanying affidavit that the original petition had been verified by three people (the names of those three people were specifically listed in the motion and the affidavit) before the petition had been filed. However, "for reasons not known," the verification pages were not included when the petition was compiled into a portable document format (PDF) file for filing, even though petitioner's attorney had selected the verification pages in the computer program to be added to the PDF file. Petitioner's attorney did not notice the PDF compilation error until after the petition had been accepted for electronic filing and after the 30-day filing period had ended. The day after petitioner's motion to supplement was filed, the trial court granted the motion in an *ex parte* proceeding.

¶ 6        Later that same month (June 2021), both respondents were served with the original election contest petition. The Clerk subsequently filed an appearance and an answer to the petition. In her answer, the Clerk denied or claimed insufficient knowledge as to many of the allegations contained in the petition and also denied that petitioner was entitled to the relief requested. As for Khokhar, although he was served with the original petition, he did not file an appearance, answer, or any motions at that time.

¶ 7        In September 2021, the Clerk filed a motion for judgment on the pleadings, pursuant to section 2-615(e) of the Code of Civil Procedure (735 ILCS 5/2-615(e) (West 2020)), as to both counts of the original election contest petition. As to count I, the Clerk asserted in the motion that judgment on the pleadings was warranted because petitioner's claim—that certain private parties (Jackson and her campaign supporters) had sought to influence voters through false representations

4

about the status of Jackson's candidacy on election day—did not satisfy the statutory grounds for an election contest, since petitioner did not allege mistake or fraud in the counting or return of votes or that there was some other specified irregularity in the conduct of the election. The Clerk asserted further as to count I that a private party's attempt to influence voters did not constitute a cognizable ground for an election contest as a matter of law. As to count II, the Clerk contended that judgment on the pleadings was proper because petitioner's claim, which pertained mainly to supposed deviations from the vote-by-mail requirements of the Election Code, failed to allege fraud in the conduct of the election, failed to allege that the claimed deviations altered the results of the election, failed to identify for which candidate the alleged defective ballots were cast, and generally implicated provisions of the Election Code that were only directory in nature. Petitioner filed a response and opposed the Clerk's motion for judgment on the pleadings, and the Clerk filed a reply.

¶ 8        In December 2021, a hearing was held on the Clerk's motion. Of relevance to this appeal, during the oral arguments on the motion, the Clerk's attorney pointed out that count I of petitioner's original petition was brought under section 23-20 of the Election Code and was based solely upon the conduct of Jackson's campaign supporters (and Jackson, presumably) and not upon any conduct of the Clerk. The Clerk's attorney stated further that petitioner had not cited any case law that supported petitioner's claim on count I and that the cases that petitioner had cited were cases involving civil rights claims and were not cases that were brought under section 23-20 of the Election Code.

¶ 9        In response to those assertions, petitioner's attorney stated in his oral argument to the trial court the following as to count I of the original petition:

5

"Now, Count [I] was the additional add-on count, and it is alleging a constitutional argument. I don't believe it's appropriate for the clerk to ask for judgment on the allegations in Count [I] at this point without offering or supporting facts.

The caselaw does allow—and the Cherry case was the—I think the seminal case that sort of had a you know, sham candidate was running, Smith v. Cherry, 489 F 2d 1098. That's a 7th Circuit 1973. And that case allowed—it allowed the count to go forward based on a private party interfering with the election.

I do have a few others on the—you know, some citations. I'm not going to read the case citations, but there are a number of cases which have allowed that type of an allegation, and it's not prohibited by the Election Code.

The Circuit Court certainly has jurisdiction to entertain additional counts that would be relevant in the same petition as the election contest. And, you know, I would not want to risk perhaps some collateral estoppel if I had not raised related claims or causes of action in the alternative within this complaint, and I think Illinois Code of Civil Procedure certainly allows alternative pleadings."

¶ 10    After the oral arguments had concluded, the trial court made its ruling. The trial court granted the Clerk's motion for judgment on the pleadings on count I of the original petition, finding that a private party's attempt to influence voters was not a cognizable ground for an election contest under section 23-20 of the Election Code. As to count II, however, the trial court denied the Clerk's motion for judgment on the pleadings, indicating that there were still factual issues that existed in the case. On its own motion, the trial court dismissed count II without prejudice pursuant to section 2-615(a) of the Code of Civil Procedure (*id.* § 2-615(a) ) and granted petitioner leave to file an

6

amended petition to make changes to count II because, according to the trial court, petitioner's response brief had contained additional facts and/or additional allegations that were not contained in the original petition and so that the trial court could be clear regarding what the petitioner's arguments were as to the deviations from the Election Code. The trial court also struck the Clerk's answer to the original election contest petition.

¶ 11 In February 2022, petitioner filed his amended verified petition for election contest. In the amended filing, petitioner again set forth count I for voter disenfranchisement to preserve that count for possible appellate review and noted that the trial court had already entered judgment for the Clerk on that count. As to count II for deviations from the Election Code, petitioner made some slight changes to his allegations. The Clerk subsequently filed a section 2-615(a) motion to dismiss the amended petition. Targeting count II, the only active count, the Clerk asserted in the motion that the allegations in the amended petition were insufficient or inadequate to establish grounds for an election contest because, among other things, the allegations did not establish a likely change in the election results. Petitioner filed a response and opposed the motion to dismiss, and the Clerk filed a reply.

¶ 12 In March 2022, a status hearing was held on the Clerk's motion to dismiss. The trial court set a briefing schedule and a hearing date on the motion. The trial court also granted petitioner's oral motion for a default judgment against Khokhar because of Khokhar's failure to appear in the case. Later that same month, however, Khokhar filed a self-represented motion to vacate the default judgment and to be allowed to adopt "the pleadings" filed by the Clerk. The trial court subsequently granted Khokhar's request, vacated the default judgment, and allowed Khokhar to adopt the pleadings/filings of the Clerk, relative to the prior motion for judgment on the pleadings and the pending motion to dismiss.

¶ 13     In June 2022, a hearing was held on the Clerk's motion to dismiss.[2] After the attorneys made their oral arguments, the trial court took the case under advisement. At a later status hearing, the trial court announced its ruling. The trial court denied the Clerk's motion to dismiss and, on the court's own motion, directed petitioner to file a second amended petition to make changes to count II in accordance with the trial court's comments (to clarify some of the allegations and to make the allegations more specific and more concise).[3] The trial court required petitioner to file the second amended petition within seven days and indicated that the petitioner would not be allowed to file any further petitions in this case. A status hearing was scheduled for 14 days later (7 days after the second amended petition was due to be filed) and was set for 11 a.m. to accommodate the schedule of petitioner's attorney. The written order that was entered, however, incorrectly listed the time of the status hearing as 9 a.m. On the status hearing date, when neither petitioner nor his attorney were present in court when the case was called and the trial court was unaware that the second amended petition had already been submitted for filing, the trial court dismissed petitioner's count II with prejudice.

¶ 14     Unbeknownst to the trial court, petitioner had electronically submitted his second amended verified petition for filing earlier that day. In the second amended petition, petitioner again set forth court I for voter disenfranchisement to preserve that count for possible appellate review and noted that the trial court had already entered judgment on the pleadings for the Clerk on that count. As to count II for deviations from the Election Code, petitioner made some additional changes to his allegations as he had previously been directed to do by the trial court. Most notably, petitioner

_____

[2]For the purpose of consistency, we will continue to refer to the filings and conduct of the Clerk as the "Clerk's" filings and conduct, even though we recognize that Khokhar subsequently adopted those filings and conduct as his own.

[3]The written order that was later entered incorrectly indicated that the Clerk's motion to dismiss had been granted without prejudice, rather than denied as the trial court had orally ruled.

8

alleged in count II of the second amended petition that during the discovery recount, petitioner and his representatives had observed two in-precinct votes for Khokhar that "did not contain judges" (presumably, an election judge's initials) and that should be removed from Khokhar's vote total.

¶ 15 A few weeks after the dismissal order was entered, petitioner filed motions to vacate the dismissal and to correct the record. In the motions, petitioner's attorney pointed out the scheduling error that had taken place and indicated that he had been delayed in filing the second amended petition because he had come down with COVID-19. Petitioner's attorney had communicated that delay to the Clerk's attorney prior to the status hearing when the dismissal order was entered. At the status hearing, the Clerk's attorney told the trial court that petitioner's attorney was allegedly ill and was asking for additional time but that the Clerk's attorney was objecting to that request. The Clerk filed a response and opposed the motion to vacate. In the response, the Clerk asserted for the first time that subject matter jurisdiction was lacking in this case because petitioner had failed to file a verified election contest petition within the time frame allowed by statute and had also failed to file a legally-sufficient claim for an election contest within that same statutory time period. Petitioner filed a reply in support of his motion to vacate the dismissal and asserted, among other things, that the Clerk's claim of lack of jurisdiction was not appropriately before the trial court at that time. On the hearing date, the trial court continued the hearing on the motion to vacate, directed the Clerk to file a separate motion regarding her claim of lack of jurisdiction, and set a briefing schedule and hearing date on the jurisdiction issue.

¶ 16 The Clerk subsequently filed a motion to dismiss the election contest petition pursuant to section 2-619(a)(1) of the Code of Civil Procedure (*id*. § 2-619(a)(1)) due to lack of subject matter

jurisdiction.[4] Petitioner filed a response and opposed the motion, and the Clerk filed a reply. A hearing was held on the Clerk's motion to dismiss in October 2022. After listening to the oral arguments of the attorneys, the trial court took the matter under advisement. At a later status hearing, the trial court announced its ruling. The trial court found that subject matter jurisdiction was lacking for both of the reasons asserted by the Clerk and granted the Clerk's section 2-619 motion to dismiss count II of the second amended petition. Petitioner appealed.

¶ 17                                    II. ANALYSIS

¶ 18            A. Grant of the Clerk's Motion for Judgment on the Pleadings on Count I

¶ 19          As his first point of contention on appeal, petitioner argues that the trial court erred in granting the Clerk's motion for judgment on the pleadings on count I, the voter-disenfranchisement count, of petitioner's second amended petition.[5] Petitioner asserts that the Clerk's motion should not have been granted because count I was a separate cause of action against the Clerk for civil rights violations (based upon the Clerk's failure to take action to stop the knowing and willful misdirection of voters and electioneering that was occurring) that was properly joined with petitioner's election contest claim in count II. Thus, according to petitioner, whether count I fit within an election contest action under section 23-20 of the Election Code was not a valid basis upon which the trial court could grant the Clerk's motion for judgment on the pleadings. Petitioner asserts further that count I was sufficient to state a cause of action for civil rights violations and

[4]The Clerk's motion was somewhat ambiguous and did not specifically indicate which version of the petition (amended or second amended) or which count (I, II, or both) the Clerk was seeking to have dismissed for lack of subject matter jurisdiction. We will treat the Clerk's motion as being directed at count II of the second amended petition because the second amended petition was the active petition before the trial court at the time and because it appears from the record that the trial court only made its ruling on jurisdiction as to count II of the petition.

[5]For the convenience of the reader, we have rearranged the order in which petitioner's arguments have been presented in this appeal.

10

that it was error for the trial court to grant the Clerk's motion for judgment on the pleadings on count I based largely upon the trial court's incorrect belief that an election contest under section 23-20 of the Election Code was the only remedy available to petitioner. At a minimum, petitioner maintains that the trial court should have granted petitioner leave to amend count I and should have provided petitioner with clarity as to the specific facts that the trial court believed were not sufficiently alleged. For all the reasons stated, therefore, petitioner asks that we reverse the trial court's grant of the Clerk's motion for judgment on the pleadings on count I of petitioner's second amended petition and that we remand this case for further proceedings on that count.

¶ 20 The Clerk argues that the trial court's ruling on count I was proper and should be upheld.[6] The Clerk asserts that judgment on the pleadings was correctly granted in her favor on count I of the second amended petition because count I did not contain any allegations of error in the counting or return of the votes for the position at issue or any allegations as to a specified irregularity in the conduct of the election. As for petitioner's specific assertion on appeal—that his claim in count I was a separate claim for civil rights violations that was properly joined to his election contest claim—the Clerk contends that petitioner's assertion in that regard has been forfeited because petitioner failed to make that assertion in the trial court. Rather, according to the Clerk, petitioner clearly brought count I in this case as his first alleged ground for contesting the election and seeking a recount of votes under the Election Code as petitioner made no allegation in count I that the Clerk had engaged in misconduct, that she had violated petitioner's civil rights, or that she had refused to act after being faced with a knowing and willful misdirection of voters and electioneering. Thus, for all the reasons set forth, the Clerk asks that we affirm the trial court's

---

[6]As in the trial court proceedings, in this appeal, Khokhar again requested, and was allowed, to adopt the arguments of the Clerk as his own.

ruling granting the Clerk's motion for judgment on the pleadings on count I of petitioner's second amended petition.

¶ 21    Pursuant to section 2-615(e) of the Code of Civil Procedure, "[a]ny party may seasonably move for judgment on the pleadings." 735 ILCS 5/2-615(e) (West 2020). A section 2-615(e) motion for judgment on the pleadings is like a motion for summary judgment but is limited to the pleadings. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 157 (2010). A judgment on the pleadings should be granted when the pleadings show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *M.A.K. v. Rush-Presbyterian-St.-Luke's Medical Center*, 198 Ill. 2d 249, 255 (2001); *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). In ruling upon such a motion, a trial court will consider only those facts that are apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. *M.A.K.*, 198 Ill. 2d at 255; *Gillen*, 215 Ill. 2d at 385. All well-pleaded facts and all reasonable inferences from those facts must be taken as true. *M.A.K.*, 198 Ill. 2d at 255; *Gillen*, 215 Ill. 2d at 385. A trial court's grant of a motion for judgment on the pleadings is subject to a *de novo* standard of review on appeal. *M.A.K.*, 198 Ill. 2d at 255; *Gillen*, 215 Ill. 2d at 385. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. Therefore, on review of a trial court's order granting judgment on the pleadings, the appellate court must determine whether any issues of material fact existed and, if there were no such issues, whether the movant was entitled to judgment as a matter of law. See *Gillen*, 215 Ill. 2d at 385.

¶ 22    No such determination is necessary in the present case, however, because, after a thorough review of the record of the trial court proceedings, we find that petitioner has forfeited his argument

12

on this issue in several respects. First, petitioner failed to raise this specific argument in the trial court and has, therefore, forfeited this argument on appeal. See *Roy Zenere Trucking & Excavating, Inc. v. Build Tech, Inc.*, 2016 IL App (3d) 140946, ¶ 36 (recognizing that an issue not raised in the trial court is forfeited and may not be raised for the first time on appeal). By our view of the record, although petitioner referenced civil and other constitutional rights at times, it does not appear that petitioner was asserting in the trial court proceedings that his claim in count I was a separate claim against the Clerk for civil rights violations that had been properly joined with his election contest claim in count II, as petitioner now asserts on appeal. Indeed, as the Clerk correctly notes, petitioner did not make a single allegation in count I that would support his current assertion. Petitioner did not allege in count I that the Clerk had violated his civil rights, that she had engaged in any misconduct in conducting the election, or that she had refused to act, despite being faced with knowing and willful misdirection of voters and electioneering. Instead, it appears from the allegations contained in count I and petitioner's written and oral arguments at the hearing on the motion for judgment on the pleadings that count I was exactly what the trial court recognized it to be—an attempt to bring an election contest under section 23-20 of the Election Code based upon alleged election interference by a private party. Thus, petitioner's new assertion on appeal—that count I was a civil rights claim against the clerk—has been forfeited. See *id.*

¶ 23 Second, although petitioner contends on appeal that the trial court should not have granted the Clerk's motion for judgment on the pleadings on count I without at least granting petitioner leave to amend, it does not appear from the record before us that petitioner ever sought leave from the trial court to file an amended count I or to present the trial court with a proposed amended count I for the trial court to consider. Because petitioner chose to stand in the trial court on the version of count I that he had originally filed, he cannot now assert on appeal that the trial court

13

should have granted him leave to amend that count. See *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000) (indicating that a party cannot complain on appeal about an alleged error that occurred in the trial court when to do so would be inconsistent with the position that the party took in the trial court proceedings).

¶ 24 Third and finally, although the Clerk asserted in her response brief in this appeal that petitioner had forfeited his argument on this issue, petitioner elected not to contest or even address that assertion in his reply brief. We are inclined to conclude, therefore, that the Clerk's forfeiture argument on this issue is well taken. See 2 Timothy J. Storm, Illinois Appellate Practice Manual § 30.2 (updated Mar. 2022) (recognizing that an appellant may and should reply to the arguments contained in the appellee's response brief, regardless of whether those arguments were raised in the appellant's opening brief). Thus, for all three of the reasons stated, we find that petitioner has forfeited his claim of error as to the trial court's grant of the Clerk's motion for judgment on the pleadings on count I of the second amended petition (as carried over from the original petition), and we affirm the trial court's ruling on that count.

¶ 25                     B. Grant of the Clerk's Motion to Dismiss Count II

¶ 26 As his second point of contention on appeal, petitioner argues that the trial court erred in granting the Clerk's section 2-619 motion to dismiss count II of petitioner's second amended petition, which alleged deviations from the Election Code. Petitioner asserts that the Clerk's motion to dismiss should not have been granted because, contrary to the trial court's finding, petitioner filed a verified election contest petition within the 30-day time period as required by the controlling statute. In making that assertion, petitioner acknowledges that due to a technical error, the verification affidavits were inadvertently not attached to the original verified election contest petition when the original petition was initially filed. Petitioner claims, however, that the filing

14

error did not prevent petitioner from complying with the controlling statute, even though the original petition was filed on the last day of the 30-day period. This is because the verification affidavits had been signed before the original petition was filed and (1) the controlling statute did not require that the affidavits be attached to or filed with or at the same time as the original petition, (2) the case law precedent allows election contest petitions to be amended after the 30-day filing deadline has expired, (3) the Clerk was barred from relitigating the verification issue under the law of the case doctrine since the trial court had already granted petitioner's motion to supplement the original petition and to attach the verification affidavits, (4) the trial court's ruling was contrary to Illinois policy favoring resolution of controversies upon the substantive rights of the parties (the merits) rather than upon technical issues, (5) the original petition was superseded by the amended petition and was no longer part of the trial court record when the Clerk first raised concerns about the verification affidavits, and (6) the Clerk's late-raised argument regarding the verification affidavits was barred by the doctrine of *laches*. For all of the reasons stated, therefore, petitioner asks that we reverse the trial court's grant of the Clerk's motion to dismiss count II of petitioner's second amended petition and that we remand this case for further proceedings on that count.

¶ 27　　　　The Clerk argues that the trial court's ruling on count II was proper and should be upheld. More specifically, the Clerk asserts that the trial court correctly determined that subject matter jurisdiction was lacking in this case and properly granted the Clerk's motion to dismiss count II on that basis. The Clerk contends that subject matter jurisdiction was lacking for two reasons. First, the Clerk asserts, subject matter jurisdiction was lacking in this case because petitioner failed to file a verified election contest petition within 30 days after the official election results had been declared as required by the controlling statute. In making that assertion, the Clerk recognizes that petitioner filed his original petition within the required 30-day time period but contends that the

15

original petition did not constitute a verified election contest petition because petitioner failed to attach the verification affidavits to the petition. According to the Clerk, petitioner's arguments to the contrary are not supported by the controlling statute or the existing case law on this issue and do not apply in the present case. Second, and in the alternative, the Clerk asserts that even if the original petition is deemed to be a verified petition, subject matter jurisdiction was still lacking in this case because the original petition was not legally sufficient, and, as a result, petitioner failed to file a legally sufficient election contest petition within the required 30-day time period. The Clerk maintains, therefore, that the trial court had no jurisdictional basis upon which to allow petitioner to supplement or amend the original petition after the 30-day period had expired. Thus, for both of the reasons set forth, the Clerk asks that we affirm the trial court's grant of the Clerk's section 2-619 motion to dismiss count II of petitioner's second amended petition.

¶ 28    Section 2-619 of the Code of Civil Procedure allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2022); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One*, *N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint (the original petition in this case) but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2022). Under subsection (a)(1), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him based upon a lack of subject matter

jurisdiction. *Id.* § 2-619(a)(1). In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter*, 207 Ill. 2d at 367-68. On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo. Id.* at 368. An issue of statutory construction, which is also involved in this case, is subject to a *de novo* standard of review on appeal as well. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50. As noted above, when *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co.*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of a section 2-619 motion to dismiss may be affirmed on any basis supported by the record. See *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 14.

¶ 29         Historically, election contests have been viewed as matters of special statutory jurisdiction.[7] See, *e.g.*, *Pullen v. Mulligan*, 138 Ill. 2d 21, 32-33 (1990). Under such an approach, a petitioner's failure to comply with the applicable statutory prerequisites prevents the trial court from obtaining subject matter jurisdiction over the election contest. See, *e.g.*, *Doelling v. Board of Education of Community High School District No. 88*, *Washington County*, 17 Ill. 2d 145, 146 (1959). In this particular case, the Clerk claims that subject matter jurisdiction was lacking because petitioner failed to comply with the requirements of the controlling statute—section 23-20 of the Election Code. Section 23-20 provides, in pertinent part:

---

[7]A potential question exists as to whether special statutory jurisdiction continues to apply in an election contest or similar proceeding that is filed directly in the trial court, such as the one in the present case, and is not brought for administrative review of an electoral board or other administrative body's ruling. In its more recent decisions, none of which are in the context of an election challenge, our supreme court has generally eliminated the concept of special statutory jurisdiction, other than for matters of administrative review. See, *e.g.*, *Belleville Toyota*, *Inc. v. Toyota Motor Sales*, *U.S.A.*, *Inc.*, 199 Ill. 2d 325, 333-41 (2002); *LVNV Funding*, *LLC v. Trice*, 2015 IL 116129, ¶¶ 26-49. The parties have not raised or addressed that particular issue in this appeal, and we take no position on that issue at this time.

17

"The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified. *** The petition shall allege that the petitioner voted at the election, and that he believes that a mistake or fraud has been committed in specified precincts in the counting or return of the votes for the office or proposition involved or that there was some other specified irregularity in the conduct of the election in such precincts, and the prayer of the petition shall specify the precincts in which the recount is desired." 10 ILCS 5/23-20 (West 2020).

¶ 30     We must construe the provisions of section 23-20 to determine whether that section requires that the verification affidavits be filed with the election contest petition and, if so, whether the verification affidavits must be filed before the required 30-day period expires. The principles of statutory construction are well established. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Gaffney*, 2012 IL 110012, ¶ 56. The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009); 5 ILCS 70/1.01 (West 2020) (in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out"). If the statutory language is clear and unambiguous, it must be applied as written,

18

without resorting to further aids of statutory construction. *Gaffney*, 2012 IL 110012, ¶ 56. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Id.* However, if the language of a statute is ambiguous, in that it is susceptible to more than one reasonable interpretation, a court may consider extrinsic aids to determine the meaning of the statutory language. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990).

¶ 31     In the present case, after considering the applicable provisions of the Election Code and the Code of Civil Procedure, the principles of statutory construction, the case law on this issue, and the facts of this particular case, we find that petitioner's original election contest petition was a verified petition for the purpose of section 23-20 of the Election Code and that it was timely filed within the applicable 30-day period as required by section 23-20. We reach that conclusion for two reasons. First, the plain language of section 23-20 compels such a result. As to this particular issue, the statutory language of section 23-20 is clear and unambiguous—it requires only that an election contest petition "be verified" and contains no additional requirement that the verification affidavits be attached to the petition or that they be filed with the trial court prior to expiration of the 30-day period. See 10 ILCS 5/23-20 (West 2020). In reaching that conclusion, we note that the Election Code does not provide a definition of "verified" for the purpose of determining whether an election contest petition complies with section 23-20. Nor have we found the dictionary definition of that term to be particularly helpful here, as the Clerk does not dispute that the verification affidavits that were eventually filed by petitioner were sufficient in form and language. Because the statutory language of section 23-20 is clear and unambiguous, it must be enforced as written. See *Gaffney*, 2012 IL 110012, ¶ 56. We cannot read into section 23-20 additional requirements or conditions that the legislature did not express, including those suggested by the Clerk in this appeal. See *id.*

19

¶ 32    Second, even if we were to find that the statutory language of section 23-20 is ambiguous as to this particular issue, we would still have to conclude that the statute does not require that the verification affidavits be attached to the petition or that they be filed with the trial court prior to the expiration of the 30-day period. As petitioner rightly notes, the legislature knows how to specifically require that certain documents, such as various affidavits, be attached to and filed with a particular pleading or other filing and did not do so with regard to election contest petitions filed pursuant to section 23-20 of the Election Code. For example, in section 2-622 of the Code of Civil Procedure, which pertains to certificates of merit in healing art malpractice cases, the legislature required that the plaintiff file a certificate of merit "attached to the original and all copies of the complaint" and that the failure to attach the required certificate "shall be grounds for dismissal under Section 2-619." See 735 ILCS 5/2-622(a), (g) (West 2020). No such requirement is contained in section 23-20 of the Election Code. Based upon the lack of any such language in section 23-20, we also would have concluded, therefore, that the legislature intended that an election contest petitioner was not required to attach the verification affidavits to the election contest petition or to file the verification affidavits with the trial court prior to the expiration of the 30-day time period. Compare 10 ILCS 5/23-20 (West 2020) (requiring that the petition in an election contest case be verified but containing no requirement that the verification affidavits be attached to or filed with the petition), with 735 ILCS 5/2-622(a), (g) (West 2020) (requiring that a certificate of merit in a healing arts malpractice case be attached to the original and all copies of the complaint and that the failure to attach the certificate shall constitute grounds for dismissal).

¶ 33    Having found that petitioner's original petition was verified as required by section 23-20 of the Election Code, we now turn to address the Clerk's other assertion on this issue—that subject matter jurisdiction was lacking because petitioner failed to file a legally sufficient election contest

20

petition within the 30-day time period. We find no merit to that contention. As noted above, petitioner alleged in count II of his original petition that various mistakes or irregularities (deviations from the Election Code) had occurred in the election in certain precincts in either the counting or return of the votes or the manner in which the election was conducted. Petitioner specifically described in detail what those mistakes or irregularities were and specifically identified the precincts where those mistakes or irregularities took place. Petitioner also provided sufficient information to establish that the results of the election would have been different if those mistakes or irregularities had not occurred. Taking the well-pled allegations and the reasonable inferences therefrom in the original petition as true, as we would be required to do in ruling upon a section 2-615 motion to dismiss (see 735 ILCS 5/2-615(a) (West 2020); *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007)), we find that petitioner sufficiently alleged an election contest claim in count II of his original petition. See *O'Neal v. Shaw*, 248 Ill. App. 3d 632, 634 (1993) (indicating that when a court considers the legal sufficiency of an election contest petition, it must determine whether the complaint contains specific factual allegations which, if proven, would establish fraud or a violation of the Election Code, the number of ballots affected and the precinct where the ballots were counted, and that the result of the election would have been different had the improper ballots not been counted).[8] The Clerk's argument to the contrary in this appeal is based solely upon her assessment that the trial court had concluded on two separate occasions that petitioner's count II was legally insufficient. Although an argument could be made that the trial court never actually reached that conclusion on either occasion, we have no reason to decide that particular aspect of this case because our standard of review on this issue is *de novo* and we, thus, give no deference

---

[8]The language of the original petition was somewhat ambiguous as to whether petitioner had actually voted in the election at issue, another requirement of the statute. See 10 ILCS 5/23-20 (West 2020). The Clerk, however, has never raised an issue as to that ambiguity.

to the trial court's rulings in that regard. See *Johnson v. Fuller Family Holdings, LLC*, 2017 IL App (1st) 162130, ¶ 37.

¶ 34 Finally, because we have determined that petitioner filed a legally-sufficient verified election contest claim in count II of his original petition within the 30-day time period, as required by section 23-20 of the Election Code (the controlling statute), we reject the Clerk's argument that the trial court had no jurisdictional basis upon which to allow petitioner to supplement or amend count II of that petition. See *DeFabio v. Gummersheimer*, 307 Ill. App. 3d 381, 386 (1999) (determining that an amended election contest petition related back to the timely-filed, legally-sufficient original petition), *aff'd*, 192 Ill. 2d 63, 69 (2000). Accordingly, we find that the trial court erred in granting the Clerk's section 2-619 motion to dismiss count II of petitioner's second amended petition, and we remand this case for further proceedings on that count. Having reached that conclusion, we need not address petitioner's other arguments on this issue.

¶ 35                                      III. CONCLUSION

¶ 36 For the foregoing reasons, we affirm the trial court's ruling granting the Clerk's motion for judgment on the pleadings on count I of petitioner's second amended petition, we reverse the trial court's ruling granting the Clerk's motion to dismiss count II of petitioner's second amended petition, and we remand this case to the circuit court of Du Page County for further proceedings on count II.

¶ 37 Affirmed in part and reversed in part.

¶ 38 Cause remanded.

*Ontiveroz v. Khokhar*, 2023 IL App (3d) 220446

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 21-MR-548; the Hon. Anne Therieau Hayes, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Andrew Finko, of Chicago, for appellant. |

| | |
|---|---|
| **Attorneys for Appellee:** | Chodri Ma Khokhar, of Glendale Heights, appellee *pro se*. |
| | Sean Conway and Patrick K Bond, Special Assistant State's Attorneys, of Bond, Dickson & Conway, of Wheaton, for other appellee. |