2024 IL App (1st) 231093-U

SIXTH DIVISION
May 24, 2024

No. 1-23-1093

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| DANIEL W. MAKIEL, | ) |
| | ) |
| | ) Appeal from the |
| Plaintiff-Appellant, | ) Circuit Court of |
| | ) Cook County, |
| v. | ) Chancery Division |
| | ) |
| ILLINOIS STATE POLICE and | ) No. 2021 CH 03742 |
| | ) |
| KIMBERLY M. FOXX, COOK COUNTY STATE'S | ) The Honorable |
| ATTORNEY, | ) Caroline K. Moreland, |
| | ) Judge Presiding. |
| Defendants-Appellees. | ) |

JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the trial court is affirmed. Defendants had no obligation to produce any additional discovery regarding DNA testing and Makiel should have raised his claim seeking such additional discovery in his postconviction proceedings, not in a new action in the chancery court.

¶ 2                                    I. BACKGROUND

¶ 3    In 1991, Makiel was convicted of first-degree murder and armed robbery. He was sentenced to a term of natural life imprisonment for murder consecutive to an extended term of 60 years' imprisonment for armed robbery. In October 2016, the trial court hearing Makiel's post-

conviction proceeding, case no. 89 CR 7496, entered an Agreed Order between the Cook County State's Attorney's Office (CCSAO) and Makiel's former counsel for "Post-Conviction DNA Testing Analysis Pursuant to 725 ILCS 5/116-3" of the Code of Criminal Procedure. Under the terms of the Agreed Order, the CCSAO was ordered to take two items of evidence related to Makiel's original homicide case–a black leather purse and a shell casing–to the Illinois State Police's (ISP) laboratory for forensic analysis. Once testing was completed, the ISP was ordered to "publish its findings in a report which shall be submitted to the Court."

¶ 4 On November 13, 2017, the ISP's Department of Forensic Sciences prepared a report of its laboratory analysis. The "results" section of the report noted that the shell casing "was not profiled since no human DNA was detected." The report also noted that "[a] mixture of human DNA profiles was identified in [the swabbing collected from the black purse] that was interpreted as a mixture of at least three people" and that it was "potentially incomplete and unsuitable for comparison to known standards." Makiel does not dispute that he received a copy of this report.

¶ 5 In 2021, Makiel sent letters to the ISP and the CCSAO, requesting the underlying DNA data that was used to perform the forensic analysis in 2017 so he could have it "independently reviewed." When the ISP and the CCSAO did not provide him with the information he requested, he filed a complaint for injunctive and declaratory relief in the chancery division of the circuit court, asserting that the ISP and the CCSAO had "failed to comply with Illinois [Supreme Court] Rule 417 by refusing to share/provide [him] with Forensic data for independent review." He asked the court to order the ISP and the CCSAO to disclose the underlying DNA data to him. He argued that he was "entitled to obtain copies of the DNA data compiled by the ISP Crime Lab *** in relation to the Court Ordered Forensics Testing conducted pursuant to the *** Post-Conviction filing under 725 ILCS 5/116-3." Nothing in the record indicates that Makiel attempted to obtain

this data from the court that entered the agreed order for post-conviction DNA testing in his post-conviction case, no. 89 CR 7496, before filing his action in chancery court.

¶ 6    The ISP moved to dismiss the complaint under section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). It argued that because it was not a party to Makiel's underlying post-conviction proceeding and was not a "proponent of the DNA evidence," it had no duty to disclose anything to Makiel under Supreme Court Rule 417. In addition, it argued that it had already complied with its obligations under the Agreed Order by publishing its findings about the DNA evidence in a report. Finally, the ISP argued that if Makiel wanted additional materials related to the DNA testing it had performed, he should have asked for them in the court that was hearing his post-conviction proceedings, not by filing a new action in the chancery court.

¶ 7    The CCSAO moved for judgment on the pleadings under section 2-615(e) of the Code of Civil Procedure. It argued that Illinois Supreme Court Rule 417, which governs discovery in criminal cases, "does not supply Mr. Makiel a basis to obtain the relief requested in the instant Chancery case," and that he would have to request relief in his post-conviction proceedings instead.

¶ 8    On June 1, 2023, the court granted the CCSAO's motion, concluding that Makiel "ha[d] not properly sought relief in this Court." It noted that Makiel's successive post-conviction petition was "currently pending" in the Criminal Division of the circuit court, and therefore, "any discovery requests should be heard and resolved" there. The court also granted the ISP's motion to dismiss. The court reasoned that, as a non-party, the ISP had no obligation to provide any additional materials to Makiel. Moreover, it noted that the plain language of Illinois Supreme Court Rule 417 "contemplates the disclosure and production of materials between the prosecution and defense in a case" and reasoned that because the ISP is a state agency "tasked by statute with providing

3

forensic science and other laboratory services to local law enforcement agencies and local State's Attorneys[,]" it had no obligation to produce the materials Makiel requested.

¶ 9 Makiel timely appealed.

¶ 10 II. ANALYSIS

¶ 11 A. Standard of Review

¶ 12 We review *de novo* a trial court's decision to grant a motion to dismiss under 735 ILCS 5/2-615 (West 2020). *Stop NorthPoint, LLC v. City of Joliet,* 2024 IL App (3d) 220517, ¶ 34. The main question is "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Green v. Rogers,* 234 Ill. 2d 478, 491 (2009) (quoting *Vitro v. Mihelcic,* 209 Ill. 2d 76, 81 (2004)). We will dismiss only if "it is clear no set of facts can be proven that will entitle the plaintiff to relief." *Stop NorthPoint, LLC,* 2024 IL App (3d) 220517, ¶ 34. We "review the circuit court's judgment, not its rationale, and may affirm the judgment on any basis supported by the record." *Id.* Similarly, we review a trial court's grant of a motion for judgment on the pleadings *de novo*. *Ontiveroz v. Khokhar,* 2023 IL App (3d) 220446, ¶ 21. "Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Gillen v. State Farm Mut. Auto. Ins. Co.,* 215 Ill. 2d 381, 385 (2005).

¶ 13 B. The Trial Court Properly Dismissed Makiel's Claim Against the ISP

¶ 14 Makiel argues that the ISP is subject to the disclosure requirements of Illinois Supreme Court Rule 417. When determining a rule's application, we look to its language. See *Ferris, Thompson & Zweig, Ltd. v. Esposito,* 2017 IL 121297, ¶ 22 ("When construing a rule of the supreme court, a court's primary goal is to ascertain and give effect to the intent of the drafters. The most reliable indicator of that intent is the language used, given its plain and ordinary

meaning.") "Where the language of a [rule] is clear and unambiguous, we will apply it as written[.]" *In re Estate of Alford v. Shelton*, 2017 IL 121199, ¶ 36.

¶ 15    Illinois Supreme Court Rule 417 states that "[i]n all felony prosecutions, post-trial and post-conviction proceedings, the proponent of the DNA evidence, whether prosecution or defense, shall provide or otherwise make available to the adverse party all relevant materials[.]" Ill. S. Ct. R. 417(b) (West 2016). Makiel contends that the chancery court should have ordered the ISP to provide him with the DNA data underlying its 2017 report under Rule 417.

¶ 16    Makiel's argument fails for several reasons. First, Rule 417 is a criminal discovery rule (*People v. Strobel,* 2014 IL App (1st) 130300, ¶ 8 (Illinois Supreme Court Rules 411 through 417 "provide for discovery in criminal cases" and "apply only to cases in which a defendant may be imprisoned for a felony")), and it does not apply to civil or post-conviction proceedings. *People v. Hickey,* 204 Ill. 2d 585, 598 (2001) ("neither the civil nor criminal discovery rules apply to post-conviction proceedings"); see also Ill. S. Ct. R. 411 (West 2020) (stating that the discovery rules "shall be applied in all criminal cases wherein the accused is charged with a felony"). Second, the plain language of Rule 417 does not apply to the ISP or to its Division of Forensic Services, which is tasked with "providing accurate and expedited forensic science and other investigative and laboratory services to local law enforcement agencies and local State's Attorneys in aid of the investigation and trial of capital cases." 20 ILCS 2605/2605-40(7) (West 2016). The ISP was not a "proponent of DNA evidence" in Makiel's criminal or post-conviction proceedings nor was it a part of the prosecution or the defense, so it was not subject to Rule 417's disclosure requirements. What's more, Rule 417 was never even mentioned in the Agreed Order for DNA testing and examination of evidence from Makiel's criminal case. Instead, the Order only required the ISP to "publish its findings in a report which shall be submitted to the Court," which it did. Because the

ISP was not required to disclose anything additional to Makiel under Rule 417, the trial court properly granted its motion to dismiss.

¶ 17    C. The Trial Court Properly Granted the CCSAO's Motion for Judgment on the Pleadings

¶ 18    Makiel argues that the trial court reversibly erred when it granted the CCSAO's motion for judgment on the pleadings, because the CCSAO "failed to comply with the disclosure requirements of Ill. S. Ct. R. 417." His argument as to the CCSAO fails as well.

¶ 19    Rule 417 requires the "proponent of DNA evidence, whether prosecution or defense," to provide "all relevant materials," including "all reports, memoranda, notes, phone logs, contamination records, and data relating to the testing performed in the case" as well as "electronic files and other data needed for full evaluation of DNA profiles produced." Ill. S. Ct. R. 417(b)(i), (ii) (West 2016). But nothing in the record indicates that Makiel ever invoked Rule 417 in his post-conviction proceeding in case no. 89 CR 7496. Instead, the record reflects that the CCSAO and Makiel's former counsel entered an "Agreed Order for Post-Conviction DNA Testing Analysis Pursuant to 725 ILCS 5/116-3," in which the ISP was required to "publish its findings in a report which shall be submitted to the court." Section 116-3 (725 ILCS 5/116-3 (West 2016)) allows a defendant to obtain post-conviction DNA testing that was not available at the time of trial, and is intended to "provide an avenue for convicted defendants who maintained their innocence to test available genetic material capable of providing new and dramatic evidence materially relevant to the question of the defendant's actual innocence." *People v. Henderson,* 343 Ill. App. 3d 1108, 1114 (2003). Unlike Rule 417, section 116-3 "does not provide a general means to discover evidence" and instead, provides "an avenue to test targeted items that have the potential to provide materially relevant evidence as to a defendant's claim of actual innocence." *People v. Barrow*, 2011 IL App (3d) 100086, ¶ 30. Accordingly, under the terms of the Agreed Order, Makiel was

not entitled to the extensive disclosures outlined in Rule 417, and the ISP's production of its test results was all that was required. See *Price v. Pierce*, 617 F.3d 947, 952 (7th Cir. 2010) (noting that "when a defendant moves under § 116–3 for forensic testing, the best that can happen is that the trial court grants the motion, the tests are performed, and the defendant receives the results.")

¶ 20    Makiel nevertheless contends that he "is not making a discovery request." However, the information he seeks goes beyond what the ISP was required to produce under section 116-3 and the Agreed Order. If Makiel had wanted access to the underlying DNA data after receiving the ISP's report, he should have invoked the court's inherent authority to order additional discovery in his post-conviction proceeding. See *People ex rel. Daley v. Fitzgerald,* 123 Ill. 2d 175, 183 (1988) (noting that a trial court has "inherent authority" to order discovery in postconviction proceedings when a party demonstrates "good cause" for doing so). Moreover, Makiel concedes that he wants the underlying DNA evidence so he can have it reviewed by an independent lab "in preparation for additional post-conviction action," so the proper place for him to request this discovery is in his pending post-conviction proceeding, not in the chancery court. See *People v. Howery*, 2019 IL App (3d) 160603, ¶ 19 ("it is clear that postconviction discovery is allowed while a postconviction petition remains pending"). Even though Makiel asserts that his pending post-conviction case does not concern the forensics at issue here, discovery requests tied to potential post-conviction relief should be heard by the post-conviction court. See *Rasky v. Anderson,* 62 Ill. App. 3d 633, 637 (1978) ("The general rule is that a declaratory judgment will not issue where another appropriate proceeding involving the same subject matter and issues is already pending.") The chancery court is not the proper forum for such an action. See *Foster and Kleiser, a Div. of Metromedia, Inc., v. Village of Schaumburg*, 126 Ill. App. 3d 836, 842 (1984) (quoting *City of Chicago v. The Chicago City Ry. Co.,* 222 Ill. 560, 572 (1906)) ("Litigation commenced in a court

of competent jurisdiction should be allowed to proceed to a final conclusion in that court, and for a court of equity to take jurisdiction to decide a suit upon a ground equally available in a court of law would be obvious error."); *Sommer v. Borovic*, 69 Ill. 2d 220, 228 (1977) ("interference by one circuit court with the judgment and exercise of power by another circuit court cannot be approved").

¶ 21    D. The Trial Court Did Not Err by Not Transferring Makiel's Case to the Criminal Division Under Supreme Court Rule 135

¶ 22    Makiel argues that if his complaint was not properly filed in the chancery division, the court should have transferred the matter to the criminal division under Supreme Court Rule 135. But Rule 135 does not address the transfer of cases between divisions of a court. Ill. Sup. Ct. R. 135 (eff. July 1, 1982). Instead, it specifies that a matter of law and a matter of chancery joined in a single case can still be treated as separate causes of action as long as they are pleaded and marked as distinct counts. Ill. Sup. Ct. R. 135(b). Accordingly, Rule 135 does not apply here.

¶ 23    If Makiel wishes to pursue the underlying DNA data, nothing precludes him from attempting to amend his pending postconviction petition or from seeking additional discovery before the postconviction court. To be clear, nothing in our decision today should be construed as holding that Makiel is not entitled to the DNA evidence data that he seeks from the State. Instead, we simply find that the legal basis of Makiel's claims fail and that he improperly sought relief from the court of equity as opposed to the court hearing his successive post-conviction claims.

¶ 24                III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.